WILLIAM H. THOMAS (ISB 3154)
THOMAS, WILLIAMS & PARK, LLP
121 N. 9th St., Ste. 300
P.O. Box 1776
Boise, ID 83701-1776
Telephone: (208) 345-7800
Fax: (208) 345-7894
wmthomas@thomaswilliamslaw.com

Attorney for Plaintiff


## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| GERALD SHOEMAKER, individually, and on behalf of all others similarly situated, )<br><br>Plaintiff, )<br><br>vs. )<br><br>UNITED PARCEL SERVICE, INC., an Ohio corporation, )<br><br>Defendant. ) | CASE No. _____<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff Gerald Shoemaker, individually and on behalf of all others similarly situated, by

his attorneys of record, Thomas, Williams & Park, LLP, for his claims against Defendant United

Parcel Service, Inc., alleges as follows:

### INTRODUCTION

1.      Plaintiff seeks to recover unpaid wages that Defendant, United Parcel Service, Inc.

("UPS"), owes him and similarly situated current and former on-road supervisors.  This action is

brought under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), on behalf of

Plaintiff and all similarly situated current and former UPS employees, employed as on-road

COMPLAINT AND DEMAND FOR JURY TRIAL, P. 1

supervisors who elect to opt into this action pursuant to the collective action provision of the

FLSA, 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

2.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and

1337. In addition, the Court has jurisdiction under the FLSA pursuant to 29 U.S.C. § 216(b).

3.     Venue of this action in the United States District Court for the District of Idaho is

proper, pursuant to 28 U.S.C. § 1391, because the events giving rise to Plaintiff's claims

occurred in the District of Idaho.  Venue is proper in the Southern Division of the United States

District Court for the District of Idaho pursuant to D.Id.L.Civ.R. 3.1.

## PARTIES

4.     Plaintiff resides in Ada County, Idaho.  Plaintiff is presently an employee of

Defendant, as the term "employee" is defined in 29 U.S.C. § 203(b).

5.     Defendant UPS is a Delaware Corporation, with its principal corporate

headquarters located at 55 Glenlake Parkway, N.E., Atlanta, Georgia 30328.

6.     Defendant is authorized to and is doing business in the State of Idaho.

7.     According to its most recent 10K filing with the United States Securities and

Exchange Commission, "UPS is the world's largest package delivery company, a leader in the

U.S. less-than-truckload industry, and a global leader in supply chain management. . .  [It]

deliver[s] packages each business day for 1.8 million shipping customers to 6.1 million

consignees in over 200 countries and territories. In 2009, [it] delivered an average of 15.1 million

pieces per day worldwide, or a total of 3.8 billion packages." Total revenue in 2009 was $45.3

billion. Defendant had approximately 408,000 employees as of December 31, 2009, of which

COMPLAINT AND DEMAND FOR JURY TRIAL, P. 2

340,000 were in the U.S. and 68,000 were located internationally.

8.     Defendant is an "employer" as that term is defined in 29 U.S.C. § 203(d).

9.     Defendant is an enterprise engaged in commerce or in the production of goods for commerce as that term is defined in the FLSA, 29 U.S.C. § 203(s).

10.     Upon information and belief, Defendant was aware of the applicable federal laws and regulations governing employee exemptions from entitlement to overtime compensation as those laws and regulations relate to on-road supervisors.

11.     Upon information and belief, Defendant has previously been involved in litigation involving employee wage and hour claims related to misclassification of employees as "exempt" from entitlement to overtime compensation under federal and state wage and hour laws. *See, e.g., Dorfman, et al. v. United Parcel Service, Inc.,* No. 06-CV-00703-FB-JMA (E.D. N.Y.), and *Meza, et al. v. United Parcel Service, Inc.,* No. 09-CV-1798 MMA-JLS (S.D. Ca.).

12.     Defendant's knowledge concerning the propriety of classifying on-road supervisors whose primary work duties are similar to or identical to those of Plaintiff and the federal class he seeks to represent, as "exempt" from federal overtime requirements renders Defendant responsible and liable for the wage and hour violations alleged herein.

## FACTUAL BACKGROUND

13.     Plaintiff and other similarly situated on-road supervisors are required to work a minimum of fifty (50) hours per week.

14.     Plaintiff and other similarly situated on-road supervisors frequently and regularly work more than fifty (50) hours per week.

15.     Upon information and belief, UPS employs as many as 15,000 on-road

COMPLAINT AND DEMAND FOR JURY TRIAL, P. 3

supervisors.

16.     During a typical or average work week, Plaintiff would arrive at work at 7:00 a.m. and would leave between 6:00 and 8:00 p.m.  For instance, during the week of January 5, 2009 to January 9, 2009, Plaintiff's working hours were as follows:

17.     January 5, 2009, Plaintiff arrived at work at 7:00 a.m. and left at 8:00 p.m.;

18.     January 6, 2009, Plaintiff arrived at work at 7:00 a.m. and left at 8:40 p.m.;

19.     January 7, 2009, Plaintiff arrived at work at 7:00 a.m. and left at 7:30 p.m.;

20.     January 8, 2009, Plaintiff arrived at work at 7:00 a.m. and left at 6:30 p.m.; and,

21.     January 9, 2009, Plaintiff arrived at work at 7:00 a.m. and left at 6:00 p.m.

22.     Plaintiff and other similarly situated on-road supervisors are classified by UPS as exempt employees under the FLSA.

23.     Upon information and belief, other similarly situated on-road supervisors were required by UPS to work weekly schedules that were similar in number of hours to the hours worked by Plaintiff.

24.     Plaintiff is paid on a salary basis and is not paid for any overtime hours worked in excess of forty (40) hours in any workweek.

25.     Upon information and belief, other similarly situated on-road supervisors are paid on a salary basis and are not paid for any overtime hours worked.

26.     Defendant does not keep records of the number of hours per week that are worked by Plaintiff and other similarly situated on-road supervisors.

27.     Plaintiff and other similarly situated on-road supervisors are not compensated for any hours worked in excess of forty (40) hours in a workweek as a workweek is defined in the

COMPLAINT AND DEMAND FOR JURY TRIAL, P. 4

FLSA.

28.     Upon information and belief, Plaintiff and other similarly situated on-road supervisors are required to perform job functions pursuant to a UPS-wide job description for on-road supervisors which was identical for all on-road supervisors.

29.     Plaintiff's and other similarly situated on-road supervisors' primary job duty was to train UPS delivery drivers.

30.     Plaintiff and other similarly situated on-road supervisors are assigned a group of drivers to train and monitor.

31.     Plaintiff and other similarly situated on-road supervisors train UPS delivery drivers using a UPS-prepared "packet." The packet is in a standardized format. On-road supervisors are not allowed to vary from the contents of the packet during the training. Once a delivery driver has completed the 30-day training, the on-road supervisor conducts a space and visibility ride to test the delivery drivers skills learned during the 30-day training. A delivery driver either passes or fails the space and visibility ride.

32.     Plaintiff and other similarly situated on-road supervisors also conduct an annual training for delivery drivers. The annual training is conducted in strict accordance with UPS standards set by UPS corporate headquarters.

33.     Plaintiff and other similarly situated on-road supervisors also conduct a training following an injury or accident. This training is performed according to UPS strictures.

34.     All training conducted by the UPS on-road supervisors is based on standards set by the U.S. Department of Transportation and/or UPS corporate headquarters. On road supervisors have no discretion in how the training is conducted or what materials are taught.

COMPLAINT AND DEMAND FOR JURY TRIAL, P. 5

35.    Plaintiff spends the majority of most working days on the road with drivers either training or observing the drivers.

36.    When Plaintiff is not on the road with delivery drivers, Plaintiff spends additional hours doing routine, UPS-required paperwork.

37.    Plaintiff and other similarly situated on-road supervisors do not interview or select drivers.

38.    Plaintiff and other similarly situated on-road supervisors do not set or adjust drivers' or any other UPS employees' rate of pay or the hours they work.

39.    Plaintiff and other similarly situated on-road supervisors have no authority to hire or fire UPS employees.

40.    Plaintiff does not plan the workday for drivers and other UPS employees.  A pre-load dispatch supervisor sets the schedules for each workday.  The schedules are controlled by UPS corporate policies and are based on the number of stops per delivery vehicle and the volume of work each driver has.

41.    As an on-road supervisor, Plaintiff has no authority to vary the work schedules of any UPS employee.

42.    Plaintiff will frequently perform the manual labor and driving duties associated with the job duties of delivery drivers.

43.    Delivery drivers are paid on an hourly basis and receive premium overtime pay. A significant number of delivery drivers have higher annual incomes than Plaintiff and the class.

44.    Plaintiff has no authority to alter any UPS policy, practice or procedure relating to the distribution of packages.  Plaintiff is required to rigidly follow all production standards set by

COMPLAINT AND DEMAND FOR JURY TRIAL, P. 6

UPS corporate headquarters and orders issued by his supervisors.

45.     Plaintiff has no control over any budgeting process for his local operation.

46.     Plaintiff exercises little, if any, discretion in the performance of his duties as an on-road supervisor. Each morning Plaintiff's manager, Blaine Hemmert ("Hemmert"), conducts a meeting during which he tells his subordinates, including Plaintiff, what tasks must be accomplished during the day. Plaintiff has no authority to vary what duties Hemmert assigns.

47.     Hemmert constantly monitors Plaintiff's work throughout the day. When Plaintiff is on the road with a driver, Hemmert regularly calls to check up on Plaintiff's work.

## COLLECTIVE ACTION ALLEGATIONS

48.     Plaintiff brings all federal causes of action as an opt-in collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all persons who worked for UPS as on-road supervisors at any time from three (3) years prior to the filing of this Complaint to entry of judgment in this case. For purposes related to this action, including notice, the names and addresses of on-road supervisors are readily available from UPS.

49.     At all relevant times, Plaintiff and other on-road supervisors, are and have been similarly situated, have had substantially similar job requirements and pay provisions, and have been subject to UPS's common policies of: a) willfully failing to pay Plaintiff and other similarly situated on-road supervisors time and a half rates for work in excess of forty (40) hours per week, as required by 29 U.S.C. § 207, and b) willfully misclassifying Plaintiff and other similarly situated on-road supervisors as exempt from overtime compensations under 29 U.S.C. § 213, even though UPS knew or should have known that the on-road supervisors were not exempt.

COMPLAINT AND DEMAND FOR JURY TRIAL, P. 7

## FIRST CAUSE OF ACTION

### UNLAWFUL FAILURE TO PAY REQUIRED OVERTIME
### (FLSA, 29 U.S.C. §§ 207)

50.     Plaintiff repeats and realleges all the allegations set forth in the foregoing paragraphs.

51.     At all relevant times, Defendant UPS has been and continues to be an "employer" engaged in interstate "commerce" within the meaning of the FLSA, 29 U.S.C. § 203.  At all relevant times, UPS has employed and continues to employ on-road supervisors as "employee[s]" within the meaning of the FLSA.  At all relevant times, Defendant has had gross operating revenues far in excess of $500,000.

52.     Throughout the relevant three-year statute of limitations period for willful violations established in 29 U.S.C. § 225, Plaintiff and other on-road supervisors mechanically and repetitively implemented UPS's prepared driver education materials.

53.     Throughout the relevant three-year statute of limitations period, at no time did Plaintiff or the other on-road supervisors assume any managerial or supervisory responsibilities, nor did they contribute to the general business operations of UPS.  At no time was Plaintiff or were the other on-road supervisors granted discretion over matters of significance, including without limitation, promotional messages, service pricing and sales goals.

54.     Throughout the relevant three-year statute of limitations period, Plaintiff and the other on-road supervisors did not meet the criteria for exemption established in 29 U.S.C. §213.

55.     Throughout the relevant three-year statute of limitations period, Plaintiff and the other on-road supervisors regularly worked in excess of forty (40) hours per workweek and

COMPLAINT AND DEMAND FOR JURY TRIAL, P. 8

continue to do so.

56.     At all relevant times, Defendant operated under and continues to operate under a common policy and plan of willfully, regularly and repeatedly failing and refusing to pay on-road supervisors overtime compensation at the rates required by the FLSA, 29 U.S.C. § 207. Through this unlawful course of conduct, Defendant has deprived Plaintiff and the Class Members of the time and one-half rate for work performed in excess of forty (40) hours per workweek to which they were and are entitled.

57.     Accordingly, Plaintiff and the Class Members are entitled to damages in the amounts of their respective unpaid overtime compensation and interest, liquidated (double) damages, reasonable attorney fees and costs, injunctive relief and any other legal and equitable relief the Court deems just and proper.

## DEMAND FOR JURY TRIAL

58.     Pursuant to Fed. R. Civ. P. Rule 38(b), Plaintiff and the Class hereby demand a jury trial on all triable issues of fact or law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and the Class Members he seeks to represent in this action, requests the following relief:

1.     That the Court determine that this action may be maintained as a collective action under 29 U.S.C. § 216(b);

2.     That, at the earliest possible time, Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have been at any time during the statute of limitations period, employed by Defendant UPS as on-road

COMPLAINT AND DEMAND FOR JURY TRIAL, P. 9

supervisors. Such persons shall be informed that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit for the recovery of withheld overtime compensation;

3.   That the Court find that UPS has violated the overtime provisions of the FLSA, 29 U.S.C. § 207;

4.   That the Court find that UPS's wage and hour violations as described have been willful;

5.   That the Court award to Plaintiff and the Plaintiff Class compensatory and liquidated damages for unpaid overtime compensation, including interest, and statutory penalties subject to proof at the trial pursuant to 29 U.S.C. § 201, *et seq.*;

6.   That the Court enjoin Defendant to cease and desist from its violations of the FLSA described herein and to comply with the FLSA;

7.   That Plaintiff and the Class be awarded reasonable attorney fees and costs pursuant to FLSA 29 U.S.C. § 216(b); and

8.   That the Court award such other and further relief as this Court may deem appropriate.

DATED this 7th day of April, 2010.

THOMAS, WILLIAMS & PARK, LLP

William H. Thomas
Attorney for Plaintiff

COMPLAINT AND DEMAND FOR JURY TRIAL, P. 10