B. Newal Squyres, ISB #1621
A. Dean Bennett, ISB #7735
HOLLAND & HART LLP
Suite 1400, U.S. Bank Plaza
101 South Capitol Boulevard
P.O. Box 2527
Boise, Idaho  83701-2527
Telephone:   (208) 342-5000
Facsimile:    (208) 343-8869
Email: nsquyres@hollandhart.com
          adbennett@hollandhart.com

Elena R. Baca, CA #160564 *(Admitted Pro Hac Vice)*
PAUL, HASTINGS, JANOFSKY & WALKER LLP
515 South Flower Street
Twenty-Fifth Floor
Los Angeles, CA  90071-2228
Telephone:  (213) 683-6000
Facsimile:   (213) 627-0705
Email: elenabaca@paulhastings.com

Attorneys for Defendant United Parcel Service, Inc.

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF IDAHO**

| | |
|---|---|
| GERALD SHOEMAKER, individually, and on behalf of all others similarly situated,<br><br>                                           Plaintiff,<br><br>vs.<br><br>UNITED PARCEL SERVICE, INC., a corporation,<br><br>                                           Defendant. | Case No.  CV 10-185-S-EJL-CWD<br><br>**REPLY IN SUPPORT OF MOTION TO STRIKE PORTIONS OF THE AFFIDAVIT OF GERALD SHOEMAKER DATED JULY 26, 2010 (DKT. 24)** |

I.     INTRODUCTION

Gerald Shoemaker's affidavit fails to raise a triable issue. It contains numerous statements that are inadmissible as evidence, or immaterial to summary judgment. Shoemaker suggests that a relaxed evidentiary standard applies to those who oppose motions for summary judgment, but the law does not support this. Even Shoemaker's own authorities confirm that inadmissible and immaterial statements are properly stricken and/or disregarded when determining the existence of a triable issue.

Federal Rule of Civil Procedure 56(e)(1) provides that "[a] supporting or opposing affidavit must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated." Fed. R. Civ. P. 56(e)(1). *See also Beyene v. Coleman Sec. Servs., Inc.*, 854 F.2d 1179, 1181 (9th Cir. 1988) ("It is well settled that only admissible evidence may be considered by the trial court in ruling on a motion for summary judgment.").

Shoemaker cites *Burch v. Regents of the Univ. of Cal.*, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006), but *Burch* confirms that only evidence that ultimately would be admissible at trial may be considered at the summary judgment stage: "[W]hen evidence is not presented in an admissible form in the context of a motion for summary judgment, *but it may be presented in an admissible form at trial*, a court may still consider that evidence." *Id.* at 1120 ("Rule 56(e) requires only that evidence '*would* be admissible', not that it presently *be* admissible."). As explained below, many of Shoemaker's statements are not only presently inadmissible, but also would be inadmissible at trial.

*Burch* also confirms that irrelevant evidence, speculation, argument, and conclusions cannot create a triable issue. It points out that evidentiary objections based on relevance are "redundant" of the summary judgment standard (but not without merit) because "[a] court can award summary judgment only when there is no genuine dispute of *material* fact. *It cannot rely on irrelevant facts . . . .*" *Id.* at 1119 (second emphasis added). Likewise, objections that an affiant's statements are speculative, argumentative, or constitute an improper legal conclusion

are "superfluous" (but again, not without merit) because speculation, argument, and conclusions "are not *facts* and likewise will not be considered on a motion for summary judgment." *Id*. (emphasis added). *Burch* does not, as Shoemaker suggests, hold that irrelevant evidence, speculation, argument, and conclusions can create a triable issue. *Id.*[1]

Thus, the following statements are properly stricken and/or disregarded as inadmissible or immaterial in ruling on UPS's motion to dismiss or, in the alternative, for summary judgment.

### II.    INADMISSIBLE STATEMENTS AND EXHIBITS A, B, AND C ARE PROPERLY STRICKEN FROM THE AFFIDAVIT.

#### A.    PARAGRAPHS 5, 7-9, 16, 17, 22, 27(f), 27(h), 27(k)-27(m), AND 30-35 ARE PROPERLY STRICKEN AS IRRELEVANT.

Shoemaker broadly contends Paragraphs 5, 7-9, 16, 17, 22, 27(f), 27(h), 27(k)-27(m), and 30-35 are relevant to determine whether the MCA exemption applies.  They are not.  They attest to legally irrelevant facts that are immaterial to summary judgment.

First, Shoemaker claims Paragraphs 5, 7-9, 17, 27(f), and 30-35 are relevant to show that he has not been employed by UPS as a driver, driver's helper, loader/unloader or mechanic.  But this fact misses the point and is immaterial to summary judgment because the MCA exemption does not apply only to employees who belong to some select "group recognized as an exempt classification . . . ."  Opp. at 4 (Dkt. 28).  Shoemaker relies on 29 C.F.R. § 782.2(b)(2).  This section, however, directly refutes his argument; it instructs that "[i]n determining whether an employee falls within such an exempt category, *neither the name given to his position nor that given to the work that he does is controlling*; what is controlling is the *character of the activities involved in the performance of his job*."  29 C.F.R. § 782.2(b)(2) (emphasis added; internal citations omitted).  That is, the MCA exemption does not "recognize" any particular job group as exempt.  Exempt status depends on the character of the job activities.

---

[1] Shoemaker also cites *Arias v. McHugh*, NO. CIV. 2:09-690 WBS GGH, 2010 U.S. Dist. LEXIS 60814, at *18 (E.D. Cal. June 17, 2010), but *Arias* also confirms that objections such as those based on relevance are "unnecessary" (but not without merit) because "summary judgment can be granted 'only when there is no genuine dispute of *material* fact.'"  *Id*.

REPLY IN SUPPORT OF MOTION TO STRIKE PORTIONS OF THE
AFFIDAVIT OF GERALD SHOEMAKER DATED JULY 26, 2010 (DKT. 24) - 2

As 29 C.F.R. § 782.2(b)(2) explains, the MCA covers "drivers" in the sense of employees who perform safety-affecting activities by (for instance) engaging in the act of driving, not those who are merely "classified" as drivers:

> The exemption is applicable, under decisions of the U.S. Supreme Court, to those employees and those only *whose work involves engagement in activities consisting wholly or in part of a class of work which is defined: (i) As that of a driver . . .* , and (ii) as directly affecting the safety of operation of motor vehicles on the public highways in transportation in interstate or foreign commerce within the meaning of the [MCA].

*Id.* (emphasis added). Thus, the MCA exempts employees, like Shoemaker, who engage in safety-affecting activities, including driving to deliver and pick up packages moving through interstate commerce, regardless of job "classification." *See, e.g.*, *Guyton v. Schwan Food Co.*, No. Civ.03-5523 (DWF/SRN), 2004 WL 533942, at *6-7 (D. Minn. Mar. 16, 2004) (exempting sales managers who drove when a route manager was ill or on vacation: "In determining whether the exemption applies to an employee, neither the name given to the employee's position nor that given to the work that the employee does is controlling."); *Hutson v. Rent-A-Center, Inc.*, 209 F. Supp. 2d 1353, 1357-58 (M.D. Ga. 2001) (exempting a manager who was sometimes required to make deliveries for his employer: "[T]he Plaintiff was a driver, even during the time he worked as an Inside Outside Manager."). Accordingly, it is irrelevant that Shoemaker was not employed by UPS as a driver, driver's helper, loader/unloader, or mechanic.

Second, Shoemaker claims Paragraphs 16, 22, 27(h), 27(k)-27(m), and 32 are relevant to establish that he did not "typically" drive UPS package cars weighing over 10,001 pounds to deliver or pick up packages. But this fact, too, is immaterial. The fact that an employee may occasionally drive vehicles weighing less than 10,001 pounds to pick up and deliver packages moving through interstate commerce does not place them outside the MCA's coverage. The MCA exemption exempts employees who "perform[] *or [are] expected to perform* duties on vehicles weighing in excess of 10,000 pounds in the normal course of their duties . . ." and "'when mixed activities occur, the [MCA] favors coverage of the employee during the course of employment.'" *Dalton v. Sabo, Inc.*, No. 09-358-AA, 2010 WL 1325613, at *4 (D. Or. Apr. 1,

2010) (emphasis added) (plaintiffs exempt under MCA as drivers *or route supervisors* because they were expected to perform duties on vehicles exceeding 10,001 pounds, even if they occasionally performed those duties on lighter vehicles). *See also Collins v. Heritage Wine Cellars, Ltd.*, 589 F.3d 895, 901 (7th Cir. 2009) (plaintiffs exempt under MCA even though they "occasionally" drove trucks lighter than 10,001 pounds: "Dividing jurisdiction over the same drivers, with the result that their employer would be regulated under the [MCA] when they were driving the big trucks and under the [FLSA] when they were driving trucks that might weigh only a pound less, would require burdensome record-keeping, create confusion, and give rise to mistakes and disputes."). UPS's data establishes, and Shoemaker does not dispute that he was expected to, and did, perform duties on vehicles weighing in excess of 10,001 pounds in the normal course of his duties. (*See* UPS's Reply re: Motion to Dismiss/Motion for Summary Judgment at Sections IV.A & IV.B) (Dkt. 26). Thus, Shoemaker's statements that he sometimes drove lighter vehicles are irrelevant to his exempt status under the MCA.

 Finally, Shoemaker argues that "[i]n the alternative, the evidence is also relevant to the issue of whether the exemption might apply to Shoemaker only during particular workweeks when he worked as an on-road supervisor." Opp. at 5. But none of the paragraphs about which Shoemaker makes this argument (*i.e.*, Paragraphs 5, 7-9, 17, 27(f), and 30-35) are relevant to this issue. As a preliminary matter, a week-by-week exemption applies only when an employee's safety-affecting activities are considered *de minimis* (29 C.F.R. § 782.2(b)(3)). And the *de minimis* principle simply does not apply where an employee is expected to and/or does drive as part of his job duties. *See*, *e.g.*, 46 Fed. Reg. 37,902, 37,903 (July 23, 1981) (the *de minimis* principle "should seldom, if ever, be applied to drivers because of the direct effect of driving on the safety of motor vehicle operations."); *Crooker v. Sexton Motors, Inc.*, 469 F.2d 206, 210 (1st Cir. 1972) (the "activities of one who drives in interstate commerce, however frequently or infrequently, are not trivial. Such activities directly affect the safety of motor vehicle operations."); *Friedrich v. U.S. Computer Serv.*, 974 F.2d 409, 417 n.10 (3rd Cir. 1992) ("A

number of courts have held that drivers should seldom, if ever, fall within this *de minimis* exception.").

Here, UPS's data establishes that Shoemaker engaged in a non-*de minimis* amount of MCA-exempt safety-affecting activities, including driving; specifically, Shoemaker performed MCA-exempt safety-affecting activities in at least 5% of the workweeks in the relevant time period.

Paragraphs 5, 7-9, 17, 27(f), and 30-35 do not controvert this fact. Paragraphs 5 and 7-9 simply state that Shoemaker did not work as a "driver" which, as discussed above, is immaterial to summary judgment because the MCA exemption hinges on the character of the job activity, not the job "classification." Paragraph 17 states that Shoemaker did not "typically" drive UPS package cars to deliver or pick up packages, but again, the fact that Shoemaker did not *always* drive a regulated vehicle also is immaterial to summary judgment. Paragraph 27(f) states that on one occasion, Shoemaker handed a package to a customer rather than delivering it in a UPS package car, but this fact is immaterial because UPS did not count this instance when determining that Shoemaker performed MCA-exempt safety-affecting activities during at least 5% of the relevant time. *See* Strombom Dec., Ex. 3 (Dkt. 15-8). Likewise, Paragraphs 30-35 are irrelevant because they merely quibble with some of the purely illustrative (and nonexhaustive) reasons that an On-Road Supervisor might be required to drive in regulated vehicles to deliver or pick up packages and do not dispute that Shoemaker's managers expected him to drive when necessary as part of his job duties, regardless of the reason for that necessity or the actual occurrence of the driving. None of these paragraphs are relevant to the *de minimis* principle or the issue of a week-by-week exemption.

      **B.    PARAGRAPH 17 ALSO IS PROPERLY STRICKEN BECAUSE IT VIOLATES THE BEST EVIDENCE RULE.**

Shoemaker argues Paragraph 17 "does not purport to 'prove the content of a writing' such as the Collective Bargaining Agreement . . . ." Opp. at 8. But Paragraph 17 specifically states, "I did not want to violate the union agreement *which does not permit me to perform a*

*UPS package driver's job as an on-road supervisor . . . .*" Shoemaker Aff. ¶ 17 (emphasis added). In making this statement, Shoemaker purports to characterize the contents of the union contract, which speaks for itself, thus violating the Best Evidence Rule. *See, e.g.*, *Wady v. Provident Life & Accident Ins. Co. of Am.*, 216 F. Supp. 2d 1060, 1064 n.12 (C.D. Cal. 2002) ("Citing Rule 1002 of the Federal Rules of Evidence, defendant has objected to the characterization of these . . . exhibits [submitted on behalf of plaintiff] on the grounds that the exhibits speak for themselves. . . . To the extent [the declaration] seeks to prove the content of the documents, it is sustained, as the documents themselves (or acceptable copies) are available for that purpose.").

Indeed, Shoemaker *mis*characterizes the National Master United Parcel Service Agreement because, rather than prohibiting supervisors from performing the work of UPS package drivers, it agrees to certain conditions under which supervisors may engage in covered work without violating the union contract. For instance, it states that supervisors "shall not perform any bargaining unit work, *except* to train employees or demonstrate safety, *or as otherwise provided in the applicable Supplement, Rider or Addendum*" and that "in the case of Acts of God, supervisors . . . may only perform bargaining unit work until bargaining unit employees are available." Shoemaker Aff., Ex. C, Tab 1 at GS000044 (emphasis added).

The referenced Rider discusses additional situations in which supervisors may perform bargaining unit work: "[T]he parties agree that supervisors will not perform the work of the employees they supervise except during training, demonstration, and safety education; and supervisors will not perform union member's work until all reasonable efforts have been exhausted to have the work covered by Union employees of United Parcel Service." *See* Person Dec., Ex. 1 (Dkt. 27-2). In fact, Shoemaker's opposition to the motion to strike acknowledges that the union contract allows supervisors to perform the work of UPS package drivers under "limited circumstances." Opp. at 9. Such provisions support the fact that On-Road Supervisors, including Shoemaker, were expected to perform MCA-exempt safety-affecting activities, including driving, as part of their job duties.

### C. PARAGRAPHS 18 AND 28 ARE PROPERLY STRICKEN BECAUSE THEY CONTRADICT SHOEMAKER'S PRIOR JUDICIAL ADMISSION AND MISCHARACTERIZE THE EVIDENCE.

Shoemaker argues there is no prior "sworn testimony" that is contradicted by Paragraphs 18 and 28. But Shoemaker alleged in his Complaint that he "frequently" performed "the manual labor and driving duties associated with the job duties of delivery drivers." Cmpl. ¶ 42 (Dkt. 1). It is well settled that "[f]actual assertions in pleadings and pretrial orders, unless amended, are considered judicial admissions conclusively binding on the party who made them." *Am. Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 226 (9th Cir. 1988). "'Judicial admissions are formal admissions in the pleadings which have the effect of withdrawing a fact from issue and dispensing wholly with the need for proof of the fact.'" *Id.* Shoemaker's factual assertion in the Complaint that he "frequently" performed the same work as the drivers, including "driving duties" withdraws that fact from issue and is binding on Shoemaker.[2]

Shoemaker next argues that Paragraphs 18 and 28 do not contradict Paragraph 42 of his Complaint. As noted above, Paragraph 42 constitutes a judicial admission that Shoemaker "frequently" performed "the manual labor and driving duties associated with the job duties of delivery drivers." Cmpl. ¶ 42. The "driving duties" of UPS's package drivers, of course, entails driving a regulated vehicle to pick and deliver packages. But Paragraph 18 states there have been "very few occasions" that Shoemaker drove to deliver packages while working as an On-Road Supervisor, and Paragraph 28 states Shoemaker drove a regulated vehicle to deliver and pick up packages *only once* during the relevant time period. The terms "very few" and "only once" in Paragraphs 18 and 28 directly contradict the frequency admitted in the Complaint.

---

[2] Shoemaker's authorities are inapposite because they do not involve judicial admissions by the opposing party, as in this case. *Nelson v. City of Davis*, 571 F.3d 924 (9th Cir. 2009), and *Guy v. Cal. Dep't of Corr.*, No. CIV S-00-1598 LKK EFB P, 2007 U.S. Dist. LEXIS 89783 (E.D. Cal. Dec. 6, 2007), involve prior testimony by third parties, and *Leslie v. Grupo ICA*, 198 F.3d 1152 (9th Cir. 1999) (involving statements in unsworn letters), and *Martinez v. Bryant*, NO. CV 06-5344-GW (AGR), 2009 U.S. Dist. LEXIS 43976 (C.D. Cal. May 19, 2009) (involving prior, unsworn statement) do not involve judicial admissions or other prior sworn testimony. Shoemaker also relies on a single footnote in a Nevada district court case, *Olvera v. Sierra Nevada College*, No. 3:08-cv-00355-LRH-VPC, 2010 U.S. Dist. LEXIS 3386, at *18 n.7 (D. Nev. Jan. 14, 2010), which contravenes well-established Ninth Circuit authority.

Shoemaker also argues Paragraphs 18 and 28 merely "clarify" the Complaint by explaining that he frequently performed *only* the manual labor of drivers. Opp. at 11-12. But the Complaint unequivocally admits that Shoemaker frequently performed "the manual labor *and driving duties*" of package drivers. A statement that attempts to completely excise Shoemaker's material admission regarding "driving duties" is not a "clarification," but a direct contradiction.

In addition, Paragraphs 18 and 28 mischaracterize evidence submitted by UPS – evidence that is undisputed by Shoemaker – establishing that Shoemaker performed MCA-exempt driving and other safety-affecting activities during at least 5% of the relevant time period.

### D. PARAGRAPHS 21 AND 25 ARE PROPERLY STRICKEN AS STATEMENTS OF OPINION AND CONCLUSIONS OF LAW.

Shoemaker contends Paragraphs 21 and 25 are "personal recollection[s] of specific, material facts." Opp. at 13. These are not statements of recollection; they are opinion, argument and/or conclusions of law. Paragraph 21 states that the only safety-affecting duties Shoemaker performed was to make sure the hourly employees applied UPS's methods and procedures. Thus, Shoemaker makes a legal conclusion about what constitutes a "safety-affecting activity" within the coverage of the MCA, and argues that the only one of his job duties that qualifies as a safety-affecting activity is making sure hourly employees follow UPS's methods and procedures. But other job duties Shoemaker admitted he performed, including driving to deliver and pick up packages, also constitute safety-affecting activities under the MCA. As for Paragraph 25, it merely expresses Shoemaker's nonexpert opinion that Strombom's conclusion is flawed and/or based on incorrect or incomplete data, but (even if Shoemaker were qualified to render an expert opinion) he does not offer any facts to support that opinion.

### E. EXHIBITS A, B, AND C ARE PROPERLY EXCLUDED AS INADMISSIBLE HEARSAY AND, IN ANY EVENT FAIL TO RAISE A TRIABLE ISSUE.

Exhibits A, B, and C are inadmissible hearsay, but even if they were admissible, they do not create a triable issue. Exhibit C is the National Master United Parcel Service Agreement. To the extent Shoemaker contends Exhibit C prohibits supervisors from performing covered work, it is offered to prove the truth of the matter asserted, and constitutes inadmissible hearsay. As

*Burch v. Regents of the Univ. of Cal.*, 433 F. Supp. 2d 1110 (E.D. Cal. 2006) explains, "the rule against hearsay . . . applies to evidence submitted in support of *and in opposition to* a motion for summary judgment." *Id.* at 1122 (second emphasis added). Shoemaker claims Exhibit C is not hearsay because it is offered to prove the effect it had on Shoemaker, not for the truth of the matter asserted. Shoemaker does not explain what effect this union contract had on him, nor can he credibly argue that its effect was to prevent him from performing MCA-exempt driving because both his Complaint and his affidavit confirm that he did perform MCA-exempt safety affecting activities, including driving. In any event, as discussed above in Section II.B, Exhibit C does not create a triable issue because it confirms that Shoemaker was expected to perform MCA-exempt driving as an On-Road Supervisor.

   Likewise, Exhibits A and B constitute inadmissible hearsay. For instance, they are not recorded recollections under Federal Rules of Evidence 803(5) because that exception requires the witness to have insufficient recollection to testify fully and accurately regarding the recorded events. *See* Fed. R. Evid. 803(5); *In re Corrugated Container Antitrust Litig.*, 756 F.2d 411, 414 (5th Cir. 1985). However, in Paragraph 27, Shoemaker establishes that he has sufficient recollection to testify fully and accurately regarding the recorded events: He describes in detail the purported activities he performed on specific dates that are contemporaneous with those recorded in Exhibits A and B. Indeed, nowhere in Shoemaker's affidavit does he lay the proper foundation for a Rule 803(5) exception by stating that he cannot recall the matters in question fully and accurately without referring to the exhibits. *Collins v. Kibort*, 143 F.3d 331, 338 (7th Cir. 1998). Moreover, Shoemaker does not and cannot claim that his detailed testimony in Paragraph 27 is the result of having referred to Exhibits A and B (and thus, that he cannot recall the matters in question without referring to them), because many of the dates Shoemaker discusses in Paragraph 27 are not recorded in Exhibits A or B (*e.g.*, October 1 and 3, 2007; November 7 and 9, 2007; May 2, 2008; July 15, 2008; November 25, 2009). Similarly, Shoemaker fails to lay the proper foundation under Federal Rules of Evidence 803(6) to establish that Exhibits A and B were kept in the course of UPS's business activity, and that it was the

regular practice of UPS to make these records. While the expense reports at Exhibit C contain indicia that they may qualify for the business records exception with proper testimony by a custodian, there is no similar indicia on the face of the mileage log at Exhibit B that it would be admissible at trial.

In any event, even if Exhibits B and C were admissible, Shoemaker does not explain how they raise a triable issue. Shoemaker's opposition to UPS's motion to dismiss or, in the alternative, for summary judgment makes no mention of these exhibits. In fact, the only reference to Exhibits A and B is a line in Shoemaker's affidavit that he "kept a mileage log relating to the work use of my personal car as on-road supervisor . . ." and "submitted expense reports . . . seeking reimbursement for mileage when I have used my personal car for work purposes." Shoemaker Aff. ¶ 23. But as discussed above in Section II.A, the purported fact that Shoemaker did not *always* drive a regulated vehicle is immaterial to summary judgment because undisputed facts establish that he was expected to, and did, perform duties on vehicles weighing in excess of 10,001 pounds in the normal course of his duties. Tellingly, Shoemaker does not identify a single entry in any of the pages of Exhibits B and C to dispute UPS's data establishing that he performed MCA-exempt safety-affecting activities, including driving, during at least 5% of the relevant time period. The Ninth Circuit has held that it is not the court's job to "perform a search, unassisted by counsel, through the entire record, to look for . . ." evidence supporting the non-moving party's legal theory. *Carmen v. San Francisco Unified Sch. Dist.*, 237 F.3d 1026, 1030 (9th Cir. 2001). Even if Exhibits A, B, and C were admissible, they fail to raise a triable issue.

### III.   CONCLUSION

Based upon the foregoing, UPS respectfully requests that the court strike the inadmissible statements in the Affidavit of Gerald Shoemaker and exclude Exhibits A, B and C.

DATED this 24th day of September, 2010.

                        PAUL, HASTINGS, JANOFSKY & WALKER LLP

                        By      */s/ Elena R. Baca*
                                Elena R. Baca
                                Attorneys for Defendant

                        HOLLAND & HART LLP

                        By      */s/ B. Newal Squyres*
                                B. Newal Squyres, of the firm
                                Attorneys for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 24th day of September, 2010, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

William H. Thomas, Esq. – wmthomas@thomaswilliamslaw.com
*Attorneys for Plaintiff Gerald Shoemaker*

                                        */s/ B. Newal Squyres*
                                        for HOLLAND & HART LLP

LEGAL_US_W # 65743935.2
4921029_1.DOC